# No. 24-60386

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DAPHNIE NEWMAN BOUDY,

Plaintiff - Appellant

v.

MCCOMB SCHOOL DISTRICT; MCCOMB SCHOOL DISTRICT BOARD OF
TRUSTEES; JAMES HARVEY, FORMER INTERIM PRINCIPAL NOW
ASSISTANT PRINCIPAL AND IN HIS OFFICIAL CAPACITY,

Defendants - Appellees

On Appeal from
United States District Court for the Southern District of Mississippi

Case No. 5:23-CV-0030

**APPELLANT'S OPENING BRIEF**

SUBMITTED BY:

Coleman Torrans (La. Bar # 38917)
Katherine E. Clark (La. Bar # 40180)
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
601 Poydras Street, Suite 2775
Pan American Life Center
New Orleans, LA 70130
ctorrans@lawla.com; kclark@lawla.com

*Appointed Pro Bono Appellate Counsel for
Ms. Daphnie Newman Boudy, Appellant*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| James Harvey | KaShonda Day and Mary Joyner Adams & Reese, L.L.P. Ridgeland, MS |
| McComb School District | KaShonda Day and Mary Joyner Adams & Reese, L.L.P. Ridgeland, MS |
| McComb School District Board of Trustees | KaShonda Day and Mary Joyner Adams & Reese, L.L.P. Ridgeland, MS |

| Appellants: | Counsel for Appellants: |
|---|---|
| Daphnie Boudy | Coleman Torrans and Katherine Clark of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Judge Keith Starrett | N/A |
| Magistrate Judge Bradley Rath | N/A |

*/s/ Coleman L. Torrans*
Coleman L. Torrans

*Appointed Pro Bono Appellate*
*Counsel for Ms. Daphnie Newman*
*Boudy, Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves what appears to be an issue of first impression for this Court: whether a trial court may sanction an unrepresented plaintiff whose competence is in substantial question with dismissal with prejudice for failure to comply with a court order. Undersigned counsel was appointed from the Court's pro bono panel to assist the Appellant with the proceedings before this Court. Appellant submits that oral argument will provide additional assistance in resolving this appeal.

# TABLE OF CONTENTS

Contents                                                                      Page(s)

CERTIFICATE OF INTERESTED PERSONS ..................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ........................................................................................iv

TABLE OF AUTHORITIES.................................................................................... v

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES .............................................................................1

STATEMENT OF THE CASE .................................................................................1

STANDARD OF REVIEW.....................................................................................11

SUMMARY OF THE ARGUMENT ......................................................................12

ARGUMENT ..........................................................................................................14

    I.    The district court abused its discretion in issuing the Examination Order because it did not comport with Federal Rules of Civil Procedure and did meet due process requirements of an order subjecting a litigant to a mental health examination.......................................................................................................14

    II.    The district court abused its discretion by punishing Appellant, whose competency had been questioned by the court, with dismissal with prejudice and an order to pay attorneys' fees for failing to comply with the Examination Order. 16

    III.    The district court abused its discretion by sanctioning the Appellant with dismissal with prejudice and an order to pay attorney's fees because it never considered the adequacy of less severe sanctions, and the chosen sanctions were not justified by the Appellant's conduct. ...........................................................21

CONCLUSION .......................................................................................................26

CERTIFICATE OF SERVICE................................................................................27

CERTIFICATE OF COMPLIANCE ......................................................................28

# TABLE OF AUTHORITIES

Cases

*Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986 (5th Cir. 1984)..............17

*Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)...........................23, 24

*Bodnar v. Bodnar*, 441 F.2d 1103 (5th Cir. 1971) ................................................18

*Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513 (5th Cir. 1985) 12, 22, 23

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014) ................................................23

*Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) .....................................17, 21

*Gray v. Fid. Acceptance Corp.*, 634 F.2d 226 (5th Cir. 1981)...............................25

*In re Deepwater Horizon*, 988 F.3d 192 (5th Cir. 2021)........................................23

*Jackson v. Dallas Police Dep't,* 811 F.2d 260 (5th Cir. 1986)................................19

*John v. Louisiana,* 828 F.2d 1129 (5th Cir.1987) ..................................................24

*Krain v. Smallwood*, 880 F.2d 1119 (9th Cir. 1989) ..................................18, 19, 21

*Link v. Wabash R. R.*, 370 US 626 (1962)...............................................................10

*McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir. 1981) ..............23

*McNeal v. Papasan,* 842 F.2d 787 (5th Cir. 1988) ................................................24

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008) ...........................25

*Murphy v. Kellar,* 950 F.2d 290 (5th Cir. 1992) ....................................................20

*Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015) .............................................20

*Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1986) ...................................11, 23, 25

*Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35 (5th Cir. 1958).............................17, 21

*Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982) .......................................18, 24

*Till v. Hartford Acc. & Indem. Co.*, 124 F.2d 405 (10th Cir. 1941).......................20

*Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982)...............................................19

*Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012) ..............................................22

*Yesh Music v. Lakewood Church*, 727 F.3d 356 (5th Cir. 2013) ...........................14

Statutes

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 1331 ...........................................................................................1

28 U.S.C. § 1915(e).....................................................................................19

42 U.S.C. § 2000e-5(f)(1) .............................................................................2

Rules

Fed. R. Civ. Proc. Rule 11(b) ....................................................................9
Fed. R. Civ. Proc. Rule 17.................................................................passim
Fed. R. Civ. Proc. Rule 41..............................................................11, 22

Treatises

6A C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. § 1541 (3d ed., June
    2024) ...............................................................................................17

# JURISDICTIONAL STATEMENT

### A. U.S. District Court's Jurisdiction

The United States District Court for the Southern District of Mississippi properly exercised jurisdiction over this action. Subject matter jurisdiction was proper because Plaintiff's claims raise federal questions. 28 U.S.C. § 1331. Personal jurisdiction was appropriate because each defendant is a citizen of the State of Mississippi and resident of the Southern District of Mississippi. Jurisdiction is not disputed.

### B. Court of Appeal's Jurisdiction

Jurisdiction is proper before this Court because Plaintiff's appeal arises from entry of a final judgment in the District Court. 28 U.S.C. § 1291.

### C. Timeliness of Appeal

Final judgment was entered July 31, 2024. ROA.1300. Plaintiff timely filed her notice of appeal on July 30, 2024. ROA.1298.

### D. Final Judgment

The district court entered final judgment on July 31, 2024. ROA.1300.

# STATEMENT OF THE ISSUES

1.    Did the district court abuse its discretion when, pursuant to Federal Rule of Civil Procedure 35, it *sua sponte* ordered the indigent Appellant to submit to a mental health examination at her own expense within 35 days without a pending motion from a party or prior notice or opportunity for Appellant to be heard?

2.    Did the district court abuse its discretion by sanctioning the unrepresented and indigent Appellant with dismissal with prejudice and an order to pay attorney's fees for failure to comply with its order after the district court raised a substantial question as to the Appellant's competence?

3.    Did the district court abuse its discretion by sanctioning the unrepresented and indigent Appellant with dismissal with prejudice and an order to pay attorney's fees without considering the appropriateness of less severe sanctions?

# STATEMENT OF THE CASE

On April 24, 2023, Ms. Daphnie Newman Boudy, Plaintiff and Appellant herein, filed a complaint *pro se*.  ROA.24-115.  In her complaint, Appellant alleged claims of employment discrimination and unlawful retaliation against Defendants and Appellees, the McComb School District and James Harvey, the former interim principal and now assistant principal at Denman Junior High School. In particular, Appellant alleged that Mr. Harvey "approached Plaintiff about a sexual relationship

1

in exchange for ADA accommodations and job security." ROA.33. And she alleged that when she ended the sexual relationship she was forced to resign. ROA.40-43.

On August 22, 2023, Appellant filed a motion requesting appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). ROA.513-20. Among the bases for the appointment of counsel, Appellant referenced the substantial merits of her case, her deteriorating physical and mental health, and her limited income. She demonstrated she was on a fixed monthly income of $946 per month, ROA.513, an amount below (78% of) the poverty guideline for a single person household in 2023, as calculated by the Department of Health and Human Services.[1] She also attached a completed Function Report, the form used by the Social Security Administration to determine an applicant's entitlements to certain federal benefits. ROA.535-544. In her Function Report, Appellant stated she suffered a mobility impairment, had been prescribed a cane, and could not move more than 200 feet without needing to rest. ROA.543. She indicated that she had suffered an aneurysm and had undergone surgery or surgeries to repair the aneurysm and insert a stent. ROA.543.

---

[1] Dept. of Health and Human Servs., Off. of the Sec., 2023 Annual Update of the HHS Poverty Guidelines, 3424 Fed. Reg., Vol. 88, No. 12 (Jan. 19, 2023), available at https://www.govinfo.gov/content/pkg/FR-2023-01-19/pdf/2023-00885.pdf. As support, Appellant attached a letter from the Social Security Administration dated August 3, 2023, confirming her monthly social security entitlement to be $946 per month with deductions of $164.90 per month for Medicare Part B insurance premiums. ROA.522-23.

Appellant also stated she suffered from severe anxiety attacks, depression, guilt, and that she "heard voices." ROA.337. She wrote that she did "not get along with others" because she believed they were "following me or spying on me." ROA.541. She indicated via check boxes that she had issues with memory, concentration, understanding, completing tasks, following instructions, and getting along with others. ROA.542. She stated that she slept for "maybe . . . 2 or 3 hours" each night. ROA.538. She stated she was currently prescribed and taking Abilify (generically: Aripiprazole), an atypical anti-psychotic; Buspar (generically: buspirone), an anxiolytic, a medication primarily used to treat anxiety disorders; and Trazadone, an anti-depressant and serotonin antagonist and reuptake inhibitor. She attached a Wal-Mart Pharmacy report confirming that between May of 2022 and the date of the report (August 15, 2023), she had been prescribed these and other medications.[2] ROA.545-551.

On September 20, 2023, Magistrate Judge Bradley Rath entered an order denying Appellant's motion for appointment of counsel. ROA.628-632.

---

[2] Additional prescribed medications include a selective serotonin reuptake inhibitor primarily used to treat depression and anxiety disorders (Fluoxetine), an apha blocker (Prazosin HCL), anti-biotics (Ciprofloxacn, Metronidazole, Clarithromycin, Amoxicillin-clavulanate), anti-parasitic medications (Praziquantel, Albendazole), digestive aids (Pantoprazole, Lansoporazole Constulose Omeprazole), and pain and arithitis medication (Meloxicam, Ibuprofen, Predinisone, Ketorolac). ROA.545-551.

On September 26, 2023, Attorneys James M. Priest, Jr. and Robert B. Ogletree each filed notices of appearance as counsel for Appellant. ROA.633-636.

Appellant indicated in filings below that her relationship with Messrs. Priest and Ogletree "deteriorated from February 1 – 7, 2024." ROA.853. Citing irreconcilable differences as to matters of legal strategy, Messrs. Priest and Ogletree jointly moved to withdraw as Appellant's counsel on February 8, 2024. ROA.719-22. The district court approved the withdrawal in a post-judgment order dated March 20, 2024. ROA.780.

While the motion to withdraw was pending, on March 11, 2024, upon motion by the Appellees, the district court entered a memorandum opinion and order dismissing the Appellant's complaint without prejudice on the basis of insufficient service of process. ROA.737-742. The next day, Appellant filed a motion for reconsideration. ROA.745. The district court granted the motion for reconsideration in an order filed May 7, 2024. ROA.804-811. In its order, the district court allowed the Appellant two weeks to properly serve the Appellees, "else her case will be dismissed." ROA.811. Service returns filed on May 21, 2024, indicate Appellant timely complied with the Court's order to effect service. ROA.842-848.

On May 8, 2024, Appellant resubmitted her request for the appointment of counsel and simultaneously asked the court to stay proceedings pending appointment of counsel. ROA.814. Appellant signed her own motion as the submitter, as did her

daughter, Ms. Sequoia Boudy, whose signature information indicates she was acting "for" Ms. Boudy. In a supporting memorandum, Appellant stated she was resubmitting her request "with new facts as she was hospitalized on September 29, 2023 for a five (5) day psychiatric reevaluation." ROA.816-817 ("Due to Plaintiff's deteriorating mental health and deteriorating health, five (5) day psychiatric hospitalization and reevaluation, chronic and severe mental illness, constant changes in medication management and readjustments, severe anxiety attacks, hearing voices, etc. . . , she is unable to proceed *pro se* and prays the Court grants her Motion to Appoint Counsel in this matter."). Appellant attached as an exhibit to her motion a document ("Care Summary") dated February 1, 2024 generated by the online patient portal of Premier Medical Clinic, a primary care clinic located in McComb, Mississippi. ROA.819-829. The Care Summary contains the progress notes of Marcella Roberts, nurse practitioner. Ms. Roberts' notes report that Appellant was being contemporaneously treated for Bipolar Disorder/ Schizoaffective Disorder and Post Traumatic Stress Disorder, had been subject to in-patient treatment in October, was being currently medicated with Abilify and Buspirone, and that she was "doing some better but still hearing voices at times." ROA.823.

On May 30, 2024, the district court entered an order *sua sponte* staying the case and ordering the Appellant's examination by a licensed psychologist or psychiatrist to determine her competence to proceed with the litigation

("Examination Order"). ROA.874-877. In the Examination Order, the district court wrote that, after discussions with Magistrate Judge Rath, "concerns have arisen by both of us concerning the mental status of Plaintiff and the validity of the outcome, if Plaintiff is determined or claims to be incompetent." ROA.874. The district court attributed its concerns as to the Appellant's competency to her own statements in three of her filings before the court: a motion to amend the case management order, ROA 305-306; a reply brief, ROA.785-803; and the Appellant's most recent motion requesting appointment of counsel. ROA.814-18.

In its Examination Order, the district court wrote:

> While at one time, Plaintiff was represented by two attorneys, that representation has ceased, and Plaintiff is proceeding pro se. She has previously requested the Court appoint an attorney for her and the request has been denied. In order for the Court to proceed with the litigation of this case, the Court must be satisfied that the pro se Plaintiff is mentally competent to shepherd her litigation and adequately represent herself. The Court finds that Plaintiff's mental competence is in controversy and good cause exists for a mental evaluation under L.U. Civ. P. 35[3] to determine the Plaintiff's mental capacity to understand the nature of her lawsuit, and to represent herself adequately. Therefore, the Court finds that this proceeding should be stayed, except for

---

[3] "Every motion for the physical or mental examination of persons in civil actions, which is not accompanied by a consent order setting forth the time, place, and scope of the examination and the person selected to perform the examination, must be accompanied by a statement executed by counsel for the moving party. Counsel's statement must recite specifically the efforts initiated by counsel to agree upon the details, time, place, and scope of the mental or physical examination and the person proposed to perform the examination, and that the efforts were not successful." L. U. Civ. P. 35.

defendants' filing their answers to the recently served complaint until such time as the Plaintiff's mental competence issue is resolved.

ROA.874-877.

The district court ordered Appellant to, within five days, consult with Appellees to mutually select a licensed forensic psychologist or psychiatrist to examine Appellant within 35 days of entry of Examination Order. The district court prohibited the parties from selecting a psychologist or psychiatrist with whom the Appellant had ever visited. ROA.876-77. The district court ordered that a report from the examining psychologist or psychiatrist "addressing Plaintiff's competency to proceed with this litigation" be filed under seal within 45 days. ROA.876-77. The district court assigned all costs of the examination and the report to the Appellant. ROA.876.

In the Examination Order, the district court did not rule on the Appellant's pending request for appointment of counsel. The district court also did not consider whether Rule 17(c) of the Federal Rules of Civil Procedure (the "Rules") required the appointment of a guardian or other person to assist the Appellant in complying with the Examination Order pending a determination of her competence.

On June 3, 2024, Appellant filed a response to the Examination Order, ROA.878-887, in which she stated she was unable to comply with the Examination Order due to her "monthly fixed income of $1,000.00 from Social Security Disability," "severe anxiety," "changes in medication management," and general

7

"mental health" issues. ROA.878. She attested that she "is a competent witness, comptent to understand these legal proceedings and her case," ROA.878-879, but iterated that she was not "comptent to represent herself in these proceeding and <u>cannot</u> proceed as pro se." ROA.881 (emphasis original).

On June 5, 2024, Appellant filed a petition for writ of mandamus in this Court, *In re: Daphnie Boudy*, case no. 24-60276, in which she asked that Judge Starett and Judge Rath be removed from her case.[4] ROA.958-1002. This Court denied the request for the issuance of a writ of mandamus on July 5, 2024. ROA.1289-1291.

Thirteen days after entry of the Examination Order, on June 12, 2024, the district court entered an "Order to Show Cause" ("First Cause Order") commanding Appellant to appear before the district court at 1:00 P.M. on June 18, 2024, in its courtroom in Hattiesburg, Mississippi. ROA.1018-1020. In the First Cause Order, the district court noted that Appellant had not consulted with the attorneys for the Defendants within the five days allowed by the Examination Order, though the attorneys for the Defendants had responded with their availability. ROA.1018. The First Cause Order indicates that, following the expiration of the five-day period,

---

[4] Appellant had filed a motions to disqualify both Judge Starrett and Magistrate Judge Rath on May 22, 2024, ROA.849-865; and prior to disposition of these motions, she filed for a writ of mandamus in this Court. The district court later denied these motions. ROA.1081-1083. Appellant then moved for reconsideration, ROA.1084-1159, which was not ruled upon before Judge Starrett dismissed her case with prejudice.

chambers emailed the Appellant three times regarding her availability for a status conference—twice on June 6, 2024, and once on June 10, 2024. ROA.1018-1019. In response to at least its first email on June 6, chambers received "an automatic reply and that [Appellant] was out of town with limited access to cellphone and internet services," but no other communication. ROA.1018. The First Cause Order also reflects that chambers called Appellant's phone number of record twice—once on June 6 and once on June 10—and left messages instructing Appellant to call chambers. ROA.1018-1019.

The district court also wrote, "The Court further notes that Plaintiff has signed numerous pleadings, motions and other papers and pursuant to Rule 11 of Federal Rules of Civil Procedure she could be opening herself up to sanctions for violating Rule 11." ROA.1019. In invoking Rule 11, the district court did not refer to any specific pleading, written motion, or other paper signed by the Appellant as being potentially violative of Rule 11(b), nor did the district court indicate which subsection of Rule 11(b) it believed might have been violated.

On June 27, 2024, the district court entered a second "Order to Show Cause" ("Second Cause Order," and together with the First Cause Order, the "Cause Orders"), reiterating that the court's position that it "need[ed] to determine if [Appellant] is competent to proceed pro se." ROA.1021. The Second Cause Order commanded the Appellant to appear before the district court in its courtroom on July

10, 2025 at 1:00 p.m.  ROA.1021-1022.  In the Second Cause Order, the district court wrote, "Plaintiff is notified that failure to comply with the Court's orders can result in sanctions under Rule 41(b) Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the actions *sua sponte, Link v. Wabash R. R.*, 370 US 626, 630-631 (1962)."  ROA.1022.

The Appellant filed a response to the Cause Orders on July 2, 2024. ROA.1036-1039.  The Appellant stated she had been out of town for a family emergency since June 2, 2024, as reflected in her in the email automatic reply, and had experienced "a number of medical emergencies and visited the emergency rooms and emergency medical doctors for anxiety attacks, severe chest pain, possible heart attack, emergency shingles outbreak on the face and eye (left side)." ROA.1037.

On July 10, 2024, Judge Starrett held a hearing on the Second Show Cause Order, which is reflected in a minute entry on the docket. *See* ROA.21. Appellant did not appear.

On July 18, 2024, Appellant filed a third request for appointment of pro bono counsel. ROA.1160-1181.  The district court did not rule on the motion prior to dismissing Appellant's case with prejudice.

On July 22, 2024, Defendants filed a motion to dismiss under Rule 41(b) and requested attorneys fees, citing in support Ms. Boudy's disregard for the

Examination Order and failure to show up for the two hearings on the related Cause Orders. ROA.1182-1195. Appellant responded to the motion with a handwritten response. ROA.1196-1203  In her response, she stated she was "unaware" of the hearing and conferneces being held between June 12 and June 18, 2024. ROA.1197. She again referenced an intervening medical episode as the explanation for her noncompliance. ROA.1197.

On July 30, 2024, the district court issued an order ("Sanctions Order") dismissing the case with prejudice and ordering the payment of Defendants' requested attorney's fees. ROA.1292-1293. The district court issued a final judgment on July 31, 2024. ROA.1300.

Appellant filed her notice of appeal on July 30, 2024, and appealed the matter to this Court. ROA.1298. On August 5, 2024, Appellant filed a request for the appointment of counsel in this appeal, App. ECF Doc. 5. On December 10, 2024, this Court granted the motion for appointment of counsel and stated that counsel would be selected from this Court's pro bono panel.  App. ECF Doc. 39. Undersigned counsel were appointed on February 3, 2025, App. ECF Doc. 43, to assist Ms. Boudy with the proceedings before this Court.

## STANDARD OF REVIEW

This Court reviews the imposition of sanctions, including a dismissal with prejudice under Rule 41(b), for abuse of discretion. *Price v. McGlathery*, 792 F.2d

472, 474 (5th Cir. 1986); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1519 (5th Cir. 1985).

## SUMMARY OF THE ARGUMENT

The district court dismissed the Appellant's case with prejudice and ordered her to pay attorney's fees to punish her for not complying with the court's *sua sponte* Examination Order to, within five days, select a psychiatrist or psychologist with opposing counsel with whom she had never visited to evaluate her mental health to determine her competency to prosecute her litigation. The district court's Examination Order for a mental health examination was not preceded by a motion, or notice and hearing. Although the Examination Order assigned the examining doctor's costs to the Appellant, the district court gave no consideration as to how the Appellant was to pay a doctor to examine her given her fixed Social Security income. Even if it was possible for the Appellant to find a doctor that would agree to compensation on terms that the Appellant could afford to pay, and who met the court's criteria (including being acceptable to defense counsel), it is not plausible that the Appellant would have been able comply with the Examination Order's deadlines. The Examination Order required the report to be submitted in 45 days, the examination to occur in 35 days, and the parties to confer to select the doctor in five days. This is an extraordinarily quick schedule for *any* litigant to arrange and sit for something so personal and important as an examination to determine that

person's general mental competency.  Assuming that a court has power to *sua sponte* order a mental health examination pursuant to Rule 35, as the district court did here, the court's order must at least comport with the due process protections normally afforded litigants under the Rules of Civil Procedure; the Examination Order did not, so it was an abuse of discretion.

Furthermore, the Appellant was not just any litigant. First, she was an indigent, *pro se* plaintiff.  Second, she was a litigant whose competency the district court seriously questioned. Rule 17(c) provides specific protections to incompetent persons.  The district court's decision to sanction a litigant whose competency was substantially at issue, and who was unpresented by counsel and not aided by guardian *ad litem* or similar representative in the litigation, was an abuse of discretion.

 Finally, even setting aside the Appellant's competency or incompetency, the district court abused its discretions in handing down the specific sanctions of dismissal of prejudice and payment of attorney's fees.  The Appellant's culpability of the Appellant's conduct does not match the severity of the sanctions ordered. Regardless, this Court's binding precedent requires a court to expressly consider lesser sanctions before ordering dismissal with prejudice, which the district court did not do. The district court's Sanctions Order did not comport with the requirements

for dismissal with prejudice; so, it must be overturned under this Court's clear precedent.

## ARGUMENT

I.    **The district court abused its discretion in issuing the Examination Order because it did not comport with Federal Rules of Civil Procedure and did meet due process requirements of an order subjecting a litigant to a mental health examination.**

The district court cited to Local Uniform Rule 35 in the Examination Order, indicating it was depending on Rule 35 as the source of its authority to subject the Appellant to a mental health examination. Rule 35 authorizes a court to order the physical or mental examination of a party only in limited circumstances. The plain language of the rule provides that the order "may be made only on motion for good cause and on notice to all parties and persons to be examined." Fed. R. Civ. P. 35(a)(2)(A). Further, the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* 35(a)(2)(B). The district court abused its discretion when it ordered Appellant to select a psychologist or psychiatrist with Defendants within five days and submit to an examination within 35 days without a pending motion filed by a party premised on good cause, and without prior notice to Appellant.

The Federal Rules of Civil Procedure are to be interpreted according to their plain meaning. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013). If the text is clear and unambiguous the court need go no further; the inquiry into

meaning is complete. *Id.* Rule 35 unambiguously requires a "motion" and prior "notice to all parties and the person to be examined[.]" These procedural requirements help ensure the substantive requirements for an order for an examination are met. The "in controversy" and "good cause" requirements of Rule 35 demand more than "mere relevance." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Rather, "[g]ood cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.*

But here, the district court issued an order *sua sponte* without a pending motion or prior notice to the Appellant. In the Examination Order, the district court found that the Appellant's mental health was in controversy and ordered her to obtain a mental health examination, from a provider that she had not seen before, and that she was to pay for this examination. ROA. 835-877. While the district court found "good cause" existed after review of the Appellant's filings, it so found without affording Appellant notice and an opportunity to be heard, denying her opportunity to contest that good cause existed or, alternatively, to consent to a remedy under Rule 17(c) that would obviate the need for an examination.

Accordingly, the district court's *sua sponte* issuance of the Examination Order was an abuse of discretion and constitutes a reversible error.

**II.    The district court abused its discretion by punishing Appellant, whose competency had been questioned by the court, with dismissal with prejudice and an order to pay attorneys' fees for failing to comply with the Examination Order.**

The district court *sua sponte* ordered a mental health examination in the Examination Order on the basis that filings in the record had caused it to question whether the Appellant was competent to "shepherd her litigation" or even "understand the nature of her lawsuit." ROA.876.  The district court then issued the Sanctions Order as punishment for the Appellant failing to comply with the Examination Order.  In so ruling, the district court never made a finding that the Appellant was competent to comply with, or even understand, the Examination Order the Appellant was sanctioned for violating.  Under these circumstances, the district court abused its discretion in not merely ordering sanctions, but the most severe sanctions available: dismissal with prejudice and payment of the defense's attorneys' fees by an indigent plaintiff.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court *must* appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c) (emphasis added).  Rule 17(c)'s purpose is made clear by its plain language.  "Rule 17(c) is designed to protect the interests of an infant or incompetent by assuring adequate representation." 6A C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc.

16

Civ. § 1541 (3d ed., June 2024). The rule is a recognition that the "need to protect the . . . incompetent person's rights and interests in federal court proceedings is extremely vital." *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004). It makes it incumbent on courts to ensure incompetent persons are "adequately protected" and promotes the principle that "access to the courts by aggrieved persons should not be unduly limited." *Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984).

The record does not demonstrate that the district court was aware of its obligation to protect incompetent litigants by appointment of a guardian ad litem or other appropriate means. No citation to Rule 17(c) appears in the order denying appointment of counsel, ROA.628-632; the Examination Order, ROA.874-877; the Cause Orders, ROA.1018-1020 and ROA.1021-1023; or the Sanctions Order, ROA.1293-1297.

The district court's failure to ever consider Rule 17(c)'s protections for incompetent litigants prior to rendering a judgment of dismissal with prejudice constitutes an abuse of discretion and reversible error. *See Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958) (applying Rule 17(c) with respect to a minor) ("The orderly administration of justice and the procedural protection of [incompetent person] requires the trial judge to give due consideration to the propriety of an

17

[incompetent person's] representation by a guardian ad litem before he may dispense with the necessity of appointing the guardian.").

The fact that the Appellant did not comply with the Examination Order does not absolve the district court of its oversight of Rule 17(c). When a district court encounters a litigant whose competence is in substantial question and who refuses to submit to mental health examination, this Court has found the litigant's case may be dismissed *without* prejudice[5] to the litigant's ability to refile. *Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971) (per curiam). But *Bodnar* has no application here. First, unlike in *Bodnar*, the district court dismissed with prejudice pursuant to Rule 41 while the Appellant was proceeding *pro se*. This was an abuse of discretion. "[W]hen a substantial question exists regarding the competence of an unrepresented party the court may not dismiss with prejudice for failure to comply with an order of the court." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (citing *Bodnar*).

Second, the record does not evince the Appellant was resistant to the appointment of a guardian ad litem or another appropriate protection under Rule

---

[5] Dismissal without prejudice was not available as a lesser sanction given the likelihood that the statute of limitations for an employment discrimination suit has run and would operates as a bar to adjudication on the merits upon refiling. *See Rogers v. Kroger Co.*, 669 F.2d 317, 323 n. 9 (5th Cir. 1982) (where the statute of limitations has run, dismissal without prejudice is not an alternative lesser sanction to dismissal with prejudice).

17(c). Quite the opposite. The Appellant continuously sought help and guidance in prosecuting her case. She asked the court to appoint counsel three separate times. ROA.513-551; ROA.814-829; ROA.1160-1181. She depended upon her daughter's help in drafting and submitting filings before the court. ROA.814. And she made frequent use of the clerk of court's help desk to make filings. *See* ROA.785; ROA.814.

The district court could have met its obligation under Rule 17(c) by appointing counsel, as Appellant requested, in an order tailored to address the concerns animating Rule 17(c). *Krain*, 880 F.2d at 1121 ("[T]he court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer."). While there is no automatic right to appointment of counsel in a civil case, "[a] federal court may, however, appoint counsel for an indigent if doing so would advance the proper administration of justice." 28 U.S.C. § 1915(e); *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982); *see also Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir. 1986). While no precise formulation of such circumstances can be stated, courts generally look at the following:

> [i] the type and complexity of the case; [ii] the petitioner's ability adequately to present and investigate his case; [iii] the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and [iv] the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

19

*Murphy v. Kellar,* 950 F.2d 290, 293 (5th Cir. 1992) (internal quotation marks and citations omitted). The record amply demonstrates Appellant's limited means, ROA ROA.513, and that her ability to present and investigate her case was in question. *See* ROA.816-817. It is also apparent from the Examination Order that the Appellant, the court, and the defendants could have benefited from the appointment of counsel for Appellant. ROA.874-877. Appointment of counsel was warranted under these circumstances, and this Court has recognized that federal courts have inherent authority to compel attorneys to represent indigent civil plaintiffs. *See Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015) ("The inherent power to make a compulsory appointment is also rooted in courts' duty to maintain the functioning of the civil justice system as a whole.").

In addition, or in the alternative, to appointing counsel, the district court might have also allowed Appellant to proceed with the help of a family member (including, potentially, her daughter) standing as a next friend, after determining this adequately protected Appellant's interests. Fed. R. Civ. P. 17(c); s*ee also Till v. Hartford Acc. & Indem. Co.*, 124 F.2d 405, 408 (10th Cir. 1941) (finding Rule 17(c) satisfied where litigants were represented by next friends and legal counsel).

In sum, the record shows the Appellant was aware of her disabilities, eager to have counsel appointed or receive other help, and of little means. Under these circumstances, an order for a mental health examination at Appellant's, even one

complying with Rule 35 and due process requirements (which the Examination Order did not, see *supra*), was unwarranted and not consistent with purpose of Rule 17(c), which is protect the incompetent litigant and ensure she has fair access to justice. *Gaddis*, 381 F.3d at 454 ("[F]air access to the judicial system by minors and incompetent persons is enhanced if the district court exercises not only the power to appoint guardians ad litem, but also, as Rule 17(c) expressly directs, to 'make such other order as it deems proper for the protection of the infant or incompetent person.'").

The district court had to discretion to, and should have, appointed Appellant legal counsel. Or the district court could have allowed Appellant to resume litigation with a next friend adequately protecting her interests. Sanctioning the Appellant with dismissal with prejudice and attorney's fees for not complying with the Examination Order, however, was not an option within the district court's discretion under Rule 17(c). *Krain*, 880 F.2d at 1121. Reversal and remand is mandated. *Roberts*, 256 F.2d at 39.

**III.    The district court abused its discretion by sanctioning the Appellant with dismissal with prejudice and an order to pay attorney's fees because it never considered the adequacy of less severe sanctions, and the chosen sanctions were not justified by the Appellant's conduct.**

The district court also abused its discretion when it sanctioned the Appellant with dismissal with prejudice and payment of attorney's fees without (1) first

considering lesser sanctions and (2) a clear record of contumacious conduct by Appellant.

This Court has "consistently emphasized that the district court should consider lesser sanctions before dismissing a case with prejudice." *Webb v. Morella*, 457 F. App'x 448, 454 (5th Cir. 2012). There is no indication that the district court ever considered less severe sanctions or that lesser sanctions would not have succeeded in obtaining the Appellant's compliance with the district court's orders before ordering dismissal with prejudice and payment of attorney's fees. This Court need go no further than this to find the Sanctions Order was reversible error. *Id.* ("Thus, because the district court's dismissal of the [plaintiffs'] complaint with prejudice conflicts with our established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court, . . . we vacate the district court's dismissal of the [plaintiffs'] complaint.").

Moreover, it was an abuse of discretion for the district court to sanction the Appellant with dismissal with prejudice and payment of attorney's fees on the basis of the record below. Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." But a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Callip,* 757 F.2d at 1519 (quoting *McGowan v. Faulkner Concrete Pipe Co.*,

659 F.2d 554, 556 (5th Cir. 1981)); *see also Price*, 792 F.2d at 474. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. *McGlathery,* 792 F.2d at 474; *Callip,* 757 F.2d at 1519. Review must be "more exacting" where, as here, the dismissal is with prejudice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). This Court stated in *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), that it will affirm such dismissals "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Id.* "Because this test is conjunctive, both elements must be present." *Coleman*, 745 F.3d at 766. Additionally, in "most cases where this Court has affirmed dismissals with prejudice", at least one of the following *aggravating* factors have been found: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (citation omitted).

*Berry* sets forth strict requirements for a sanction of dismissal with prejudice—the district court did not meet them here. All of the conduct the district court cited as the basis for sanctions ultimately stemmed from the Appellant's noncompliance with the Examination Order, which the district court indicated it was entering pursuant to Rule 35. Rule 37 specifically excludes a failure to comply with such an order for examination as a violation punishable by the court's contempt

powers. Fed. R. Civ. Proc. 37(b)(2)(B). And, as discussed *supra*, the Examination Order was not preceded with requisite notice or opportunity for hearing as due process requires.

Furthermore, a mere 61 days lapsed before the district court issued the Sanctions Order. This is hardly the amount of time sufficient to constitute a "clear record of delay" as the *Berry* standard requires. This Court has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir.1987)). In *Berry*, this Court concluded that the short delay there was insufficient to constitute a "clear record of delay." 975 F.2d at 1191. This Court's precedents have generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982) (collecting cases). "In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Id.*

Here, a mere 61-day delay from the Examination Order, did not justify sanctions of dismissal with prejudice and attorney's fees. *Cf. McGlathery*, 792 F.2d

at 474–75 (upholding a dismissal for a delay of almost a full year where counsel also failed to file a pretrial order and failed to appear at a pretrial conference).

Likewise, the record does not establish that Appellant's delays resulted from contumacious conduct. This Court has recognized that "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227–28 (5th Cir. 1981) (finding delay caused by plaintiff's negligent, but not contumacious conduct, insufficient to warrant dismissal with prejudice). The record below does not clearly demonstrate contumacious conduct. Appellant's lack of means, mobility limitations, mental, and physical health impairments all contributed to the Appellant's noncompliance with the Examination Order and the Cause Orders, as did the district court's expedient pace in issuing these orders. Under the circumstances, Appellant's conduct does not warrant the most severe sanctions available. And in any case, dismissal is mandated because the district court gave no consideration to less severe sanctions.

# CONCLUSION

Appellant respectfully requests that (1) the Examination Order, Sanctions Order, and judgment below be vacated; (2) this case be remanded to the district court for further proceedings with direction to appoint pro bono counsel to assist the Appellant in her proceedings before the district court.

Respectfully submitted,

/s/ Coleman L. Torrans

Coleman L. Torrans (La. Bar # 38917)
Katherine E. Clark (La. Bar # 40180)
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
601 Poydras Street, Suite 2775
Pan American Life Center
New Orleans, LA 70130
ctorrans@lawla.com; kclark@lawla.com

*Appointed Pro Bono Appellate Counsel for Appellant, Ms. Daphnie Newman Boudy*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


*/s/ Coleman L. Torrans*

Coleman L. Torrans

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that: (1) the foregoing petition complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(b)(i) because this document contains 6,960 words; and (2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Coleman L. Torrans*

Coleman L. Torrans