No. 24-60386

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DAPHNIE NEWMAN BOUDY,
PLAINTIFF/APPELLANT

V.

MCCOMB SCHOOL DISTRICT; MCCOMB SCHOOL DISTRICT
BOARD OF TRUSTEES; JAMES HARVEY,
FORMER INTERIM PRINCIPAL NOW ASSISTANT PRINCIPAL AND
IN HIS OFFICIAL CAPACITY,
DEFENDANTS/APPELLEES

On Appeal from
United States District Court for the Southern District of Mississippi

Case No. 5:23-CV-0030

## BRIEF OF APPELLEE

**SUBMITTED BY:**

KASHONDA L. DAY (MSB No. 103144)
MARY CLARK JOYNER (MSB No. 105954)
ADAMS & REESE, LLP
1018 HIGHLAND COLONY PARKWAY
SUITE 800
RIDGELAND, MS 39157
Kashonda.Day@arlaw.com
MaryClark.Joyner@arlaw.com
*Attorneys for Defendants/Appellees*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiff/Appellant:**
   Daphnie Newman Boudy

2) **Defendants/Appellees:**
   McComb School District; McComb School District Board of Trustees; James Harvey, Former Interim Principal Now Assistant Principal and In His Official Capacity

3) **Counsel for Plaintiff /Appellant:**
   Coleman Torrans and Katherine Clark
   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard;
   New Orleans, LA

4) **Counsel for Defendants/Appellees:**
   KaShonda L. Day and Mary Clark Joyner
   Adams & Reese LLP; Ridgeland, MS

5) **Other Interested Parties:**
   District Court Judge Keith Starrett
   Magistrate Judge Bradley Rath

*/s/ Mary Clark Joyner*
**Mary Clark Joyner**
**Attorney of Record for Appellee**

i

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. Rule 28.2.4, Appellees McComb School District, McComb School District Board of Trustees, and James Harvey do not request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................i

STATEMENT REGARDING ORAL ARGUMENT ............................ii

TABLE OF CONTENTS..................................................................... iii

TABLE OF AUTHORITIES...................................................iv

JURISDICTIONAL STATEMENT ......................................vi

STATEMENT OF THE ISSUES..........................................1

STATEMENT OF THE CASE................................................2

    *First Order – Examination Order of May 30, 2024* .......................5

    *Second Order – Order to Show Cause on June 12, 2024* ..............6

    *Third Order – Order to Show Cause on June 27, 2024*..................7

    *Fourth Order – Dismissing the Case with Prejudice* ....................8

SUMMARY OF THE ARGUMENT .......................................9

STANDARD OF REVIEW....................................................12

ARGUMENT ........................................................................12

  I.   The District Court's Examination Order was appropriate.
       ...................................................................................12

  II.  The District Court did not abuse its discretion in
       dismissing Boudy's complaint or need to consider lesser
       sanctions instead after her failure to comply with four (4)
       court orders.................................................................19

CONCLUSION.....................................................................24

CERTIFICATE OF SERVICE .............................................26

CERTIFICATE OF COMPLIANCE......................................27

# TABLE OF AUTHORITIES

## Cases

*Anthony v. Marion County General Hospital,*
    617 F.2d 1164 (5th Cir. 1980) ............................................................. 20

*Atl. Sounding Co., Inc. v. Fendlason,*
    555 F. App'x 378 (5th Cir. 2014) ......................................................... 23

*Bodnar v. Bodnar,*
    441 F.2d 1103 (5th Cir. 1971), *cert. denied,* 404 U.S. 913 (1971) ........ 12

*Branch v. Cole,*
    686 F.2d 264 (5th Cir. 1982) ............................................................... 14

*Bryson v. United States,*
    553 F.3d 402 (5th Cir. 2008) ......................................................... 12, 20

*Callip v. Harris County Child Welfare Dep't,*
    757 F.2d 1513 (5th Cir.1985) .............................................................. 20

*Collins v. Lane,*
    No. 4:22-CV-116-MPM-JMV, 2024 WL 3463838 (N.D. Miss. June 26,
    2024) .................................................................................................. 19

*Day v. Allstate Ins. Co.,*
    788 F.2d 1110 (5th Cir. 2008) ............................................................. 20

*Esquivel v. Kendrick,*
    No. 22-50979, 2023 WL 5584168 (5th Cir. Aug. 29, 2023) ...... 14, 15, 16

*Ingram ex rel. Ingram v. Ainsworth,*
    184 F.R.D. 90 (S.D. Miss. 1999) .................................................... 12, 13

*Irby v. Luker,*
    2011 WL 587292 (S.D. Miss. Jan. 21, 2011) ....................................... 19

*Larson v. Scott,*
    157 F.3d 1030 (5th Cir. 1998) ............................................................. 20

*Link v. Wabash R.R. Co.,*
    370 U.S. 626 (1962) ...................................................................... 19, 20

*McCullough v. Lynaugh,*
    835 F.2d 1126 (5th Cir.1988) ........................................................ 12, 19

iv

*McNeal v. Papasan,*
  842 F.2d 787 (5th Cir. 1988) ................................................................ 21
*Millan v. USAA General Indem. Co.,*
  546 F.3d 321 (5th Cir. 2008) ................................................................ 21
*Perkins v. Whitaker*,
  No. 1:19-CV-00081-RHWR, 2022 WL 392317 (S.D. Miss. Feb. 8, 2022)
  ................................................................................................ 19, 21
*Thomas v. Humfield,*
  916 F.2d 1032 (5th Cir.1990), *aff'd,* 32 F.3d 566 (5th Cir.1994), *cert.*
  *denied,* 513 U.S. 1167 (1995) ............................................................... 13

## Statutes

28 U.S.C. § 1291 ................................................................................. v
42 U.S.C. §2000e-5(f) .......................................................................... 4

## Rules

5th Cir. Rule 28.2.4 ............................................................................ ii
Fed. R. Civ. P. 41(b) ................................................................ 8, 12, 19
Federal Rule of Appellate Procedure 32(a)(5) ...................................... 27
Federal Rule of Appellate Procedure 32(a)(6) ...................................... 27
Federal Rule of Appellate Procedure 32(f) ........................................... 27
Federal Rules of Appellate Procedure 32(a)(7)(B) ................................ 27
Fifth Circuit Rule 32.2 ....................................................................... 27

# JURISDICTIONAL STATEMENT

Appellees McComb School District; McComb School District Board of Trustees; and James Harvey, Former Interim Principal Now Assistant Principal and In His Official Capacity submit that Appellant's appeal is timely and this Court has jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

1. The district court determined Appellant Daphnie Boudy may have put her mental competency in controversy based on several pleadings she filed specifically raising her inability to proceed *pro se* despite also stating she was a competent witness and understood the proceedings. The case management order already provided that a mental or physical examination could be taken without further court order. Did the district court abuse its discretion when it directed the parties to confer and for an independent psychologist to conduct Boudy's mental examination that Boudy never submitted to?

2. Boudy was a zealous *pro se* litigant for over a year, before and after moving for an appointment of counsel, during and after retaining counsel, and after her counsel withdrew. The record shows her active participation through filings and emails to United States District Court Judge Starrett, Magistrate Judge Rath, the Fifth Circuit and its helpdesk, and Appellees' counsel. She also simultaneously refused to comply with Judge Starrett's directives during the same timeframe. Where the district court warned Boudy

of the consequences if she failed to comply with its orders or file a motion explaining why she could not comply, did the court then abuse of discretion when it dismissed her case as a sanction after she refused to do either?

## STATEMENT OF THE CASE

Appellant Daphnie Boudy, acting *pro se*, filed a 35-page employment discrimination and retaliation complaint under various federal statutes including Title VII and the Americans with Disabilities Act against her prior employer, the McComb School District, the District's Board of Trustees, and its then assistant principal James Harvey in his official capacity on April 24, 2023 (collectively referred to as the Appellees or the District). ROA. 24-115. She alleged wide-ranging damages and demanded compensation for severe mental anguish and emotional distress, depression, stress and anxiety, emotional pain and suffering, and other mental injuries. ROA. 57-58. Appellees answered the complaint and raised affirmative defenses, including insufficient service of process. ROA. 134-149.

Right off the bat, Plaintiff filed a motion for sanctions and a motion to strike on May 18, 2023.[1] ROA.154-259. On May 22, 2023, she filed a motion to disqualify the District's Board attorney from the case, erroneously arguing the attorney was a "defendant, advocate, attorney, and witness." ROA.262; *see also* ROA.292-296. All these filings cited federal rules and case law, plainly illustrating proficiency as a *pro se* litigant. *See id.*[2]

Of note, the case management order (CMO) entered by Magistrate Judge Rath provided that a Fed. R. Civ. P. 35 medical examination could occur without further court order. ROA.301. Plaintiff moved to amend the CMO but stated that "she [didn't] have a problem with a medical exam. Plaintiff agrees with Defendants' medical exam, but only with further orders from the Court." ROA.306. The court explained Boudy had put her physical or mental condition "in controversy" by virtue of her ADA claim and therefore, the CMO wouldn't be amended. ROA.618-620.

On August 22, 2023, Boudy moved the court to appoint counsel to her for the first time pursuant to 42 U.S.C. §2000e-5(f). ROA.513-551.

---

[1] She also registered to receive documents via electronic filing. ROA.261.

[2] Boudy filed more motions, responses, subpoenas, discovery notices, motions to compel, and even a writ of mandamus to the Fifth Circuit from this time through August 23, 2023.

Magistrate Judge Rath denied her request September 20, 2023, explaining the "exceptional circumstances" standard was not met and that she had shown "sufficient writing ability and the requisite legal knowledge to present her case as well as control over the legal issues presented." ROA.631.

Less than a week later, Boudy retained counsel independently from on or about September 26, 2023 to March 20, 2024.[3] ROA.633-636. On February 8, 2024, Plaintiff emailed Appellees' counsel, the District Court's chambers, and the Magistrate's chambers stating that she intended to continue self-representation and intended to file at least one motion.[4] ROA.723.

The District maintained the complaint was never properly served and pursued dismissal in the midst of litigation. *See* 737-742. After the Court granted the District's second motion to dismiss on March 11, 2024, Boudy re-registered for electronic filings and filed a motion to reconsider, 14-page memorandum in support, and 19-page reply brief. ROA. 744-759,

---

[3] Boudy's counsel filed a motion to withdraw on February 8, 2024. ROA.719-722. It was granted after the Court dismissed Boudy's complaint on March 11, 2024. ROA.780.

[4] She later emailed the courts' chambers advising she had six motions drafted that she wanted to file.

ROA.785-803.[5] Her motion and arguments convinced the district court, and it granted her request on May 7, 2024, awarded her another chance to pursue her claims, and instructed her to serve Appellees by May 21, 2024. ROA.804-811.

### First Order – Examination Order of May 30, 2024

The next day, Boudy began filing motions, including a second motion to appoint counsel on May 8, 2024, that began with the preamble that she "has a disability and suffers with severe, chronic mental illness." ROA.814, ROA.816, ROA.830. The district court, who had been less involved with the case versus Magistrate Judge Rath until this point, entered a *sua sponte* order May 30, 2024[6] (that Appellant's brief refers to as the Examination Order) which found that Boudy, by the repeated allegations in her recent filings, was claiming an ongoing disability and severe and chronic mental illness. ROA.875. Prompted by Boudy's *own* filings, the Examination Order instructed the parties to confer in five days to determine the treating psychologist or psychiatrist to perform the examination, which the court directed to occur in 35 days. ROA.875. The

---

[5] Boudy replied to Appellees' response in opposition two days after it was filed. *Id.*

[6] ROA.874-877.

examiner's report was to be filed under seal for the district court's eyes only for it to determine whether Boudy was incompetent to proceed with the case or competent to continue representing herself. ROA.877. Boudy filed a response to the Examination Order, clarifying she "is a competent witness, competent to understand these legal proceedings and case, retained and assisted her former attorneys with her case while still having the same chronic and severe mental illness." ROA.878-879. In conjunction with submitting her response to the Examination Order, Boudy refused to confer with the District's counsel.

### Second Order – Order to Show Cause on June 12, 2024

In light of her refusal to confer according to the Examination Order, the district court attempted to schedule a telephonic hearing, which Boudy all-out ignored despite evidence of her sending emails to the court and the Fifth Circuit on the same day it requested availability to speak with the parties. ROA.1018-1020. In fact, Boudy ignored the district court from June 6 through June 12, 2024, which Judge Starrett's first show cause order highlights. *Id.* As a result, the court set a show cause hearing for June 18, 2024 and warned Boudy she could be opening herself up to sanctions under Rule 11 of the Federal Rules of Civil Procedure. *Id.*

### *Third Order – Order to Show Cause on June 27, 2024*

Boudy failed to appear at the first show cause hearing and did not move the court for an extension or re-set of the hearing. As a result, the court entered a second show cause order. ROA.1021-1023. The court began by stating it "has serious concerns **about the *actual or claimed disability and incompetence* of Plaintiff Daphnie Newman Boudy.**" ROA.1021 (emphasis added). The court also highlighted that despite phone calls, emails, and a letter carried by Fedex to attempt to contact Boudy, she had not responded to the court whatsoever. ROA.1022. The court specifically held that her "failure to respond to the court and abide by the court's orders demonstrate contumacious acts or inactions" by her. *Id.* Judge Starrett directed Boudy to appear on July 10, 2024 "to show cause, if she [could], why she has failed to appear when ordered by the Court and the reason why she has failed to respond to the court's directives in any manner. Plaintiff is notified that failure to comply with the Court's orders can result in sanctions under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the actions *sua sponte*." ROA.1022. The District's counsel appeared; Boudy did not.

7

### *Fourth Order – Dismissing the Case with Prejudice*

After Boudy failed to appear as required at the second show cause hearing on July 10, the Court dismissed her case with prejudice under Fed. R. Civ. P. 41(b) on July 30, 2024.[7] ROA.1293-1297. The Court specifically found the following as bases for its decision:

> **The Show Cause Order was to deal with failure of Ms. Boudy to follow the order of the Court directing the competency examination and other responses or non-responses to the Court's orders.** After reviewing all of the documentation, and the efforts made by the Court to accomplish a show cause hearing, **the Court finds that [] Boudy, showed contempt for this Court, failed to respond to the orders of this Court and even attempted to create a false paper trail, indicating that she was responding to the orders of this Court**. The Court finds that Ms. Boudy contemptuously dealt with this Court, ignored the orders of this Court, caused attorneys for the Defendants to travel to Hattiesburg for the hearing, and Ms. Boudy further made it clear to the Court that she had no intention of complying with the orders of the Court. Ms. Boudy had been presented with the opportunity to proceed pro se and her actions indicated that she anticipated doing exactly what she wanted, irrespective of what the Court ordered. She caused significant loss of Court resources dealing with her contemptuous actions of failing to respond to the Court and causing Defendants to expend significant sums of money to respond to the Court. This Court finds that the actions of Ms. Boudy are worthy of sanctions. **This Court has been dealing with Ms. Boudy for well over a year and for the**

---

[7] The District moved for the sanction of dismissal in light of Boudy's conduct on July 22, 2024, ROA.1182-1195, but it was denied without prejudice since the case was still stayed at the time of filing; the Court dismissed the case with prejudice under its inherent authority under Rule 41(b) instead.

**first year were through Magistrate Judge Bradley Rath, who showed the patience of Job in dealing with Ms. Boudy, as indicated by the documents in the record**. The undersigned judge became actively involved with the case when the Motion to Dismiss was filed. **Ms. Boudy continued to show contempt for this Court, refused to respond appropriately or communicate with the Court and failed to comply with the orders that she was fully aware of and simply thought that she could do as she pleased, irrespective of the orders of this Court.**

ROA.1296 (all emphasis added).

Boudy filed a notice of appeal on July 30, 2024; final judgment was entered July 31, 2024. ROA.1298-1300.

## SUMMARY OF THE ARGUMENT

This appeal is not about whether it was right to punish a party for failing to comply with a single order, as Boudy argues. *See* Br. at p. 12 ("The district court dismissed the Appellant's case with prejudice and ordered her to pay attorney's fees to punish her for not complying with the court's *sua sponte* Examination Order. . . ). And this appeal does not hinge on whether Fed. R. Civ. P. 35 provided the district court the authority to order a mental competency evaluation under the procedural history of this case.

Instead, this appeal rightly illustrates the consequences when a litigant shows stubborn resistance to authority and fails to comply with

court orders, despite ample chances to do so. The district court here was well within its discretion to sanction Boudy for her misconduct and dismiss her case under Rule 41(b) and assess attorney's fees for one of the hearings because she obstinately refused to comply and ignored <u>four court orders that were directed at her.</u>

The record shows that Boudy did not just fail to comply with the Court's May 30, 2024 Examination Order by refusing to confer with the District's counsel within five days. She then refused to respond to the Court's June 6, 2024 emailed request for availability for a telephonic status conference, despite sending emails of her own to the court and to the Fifth Circuit. She next failed to appear for the June 12 telephonic conference. Still ignoring the Court's requests for availability, she then failed to appear for the June 18, 2024 Show Cause hearing that was conducted via Zoom Last, she failed to appear to the July 10, 2024 Second Show Cause hearing at the federal courthouse in Hattiesburg. The District Court had the power to sanction a litigant or this conduct, which includes dismissal of her complaint.

First, Appellant's argument that the court had no authority to issue the Examination Order under Rule 35 misses the mark because Boudy's

complaint was not dismissed for failing to comply with this order. Indeed, Boudy did not submit to the examination because she never complied with the order's first directive: conferring with counsel on choosing an examiner. In light of this initial failure, the court invited the parties to have a telephonic conference. Boudy's blatant disregard for the court's communication attempts led to the first show cause order and then the second, all of which went ignored.

Second, the district court's dismissal demonstrated Boudy's repetitive disregard for the court's authority and made it clear that (1) the court did not base dismissal on her failure to comply with the Examination Order and (2) her actions and inactions demonstrated deliberate misconduct, not incompetence. The record shows Boudy had no regard for the court's communications to her as she actively ignored its instructions, requests, and then orders while continually emailing the district court's chambers, the magistrate's chambers, and the Fifth Circuit's helpdesk, among other places. On top of that, the district court specifically determined that Boudy attempted to establish a false paper trail and she wrongly stated she was unaware of the court's Show Cause hearing dates despite the fact she was sending and receiving emails in

the same time frame the Court set each hearing. In short, her misconduct was extensive and dismissal of her claims was warranted.

## STANDARD OF REVIEW

This Court reviews a Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order for abuse of discretion. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988)).

## ARGUMENT

## I.    The District Court's Examination Order was appropriate.

"A trial court is not powerless to ascertain whether a litigant is competent." *Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971), *cert. denied*, 404 U.S. 913, 92 S. Ct. 232 (1971); *see also Ingram ex rel. Ingram v. Ainsworth*, 184 F.R.D. 90, 92 (S.D. Miss. 1999) (citing *Bodnar* with approval). The Fifth Circuit has since explained that "a federal procedure [in determining competency] better preserves the integrity and interests of the federal courts," and the district court "may apply any procedure that meets the requirements of due process" to determine competency. *Ingram ex rel. Ingram*, 184 F.R.D. at 91 (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir.1990), *aff'd,* 32 F.3d 566 (5th Cir.1994), *cert.*

*denied,* 513 U.S. 1167 (1995)). Where there is a showing of a substantial question of competency, the Judge with protective restrictions can, in making that determination, require a medical examination." *Bodnar*, 441 F.2d at 1104. "Nothing in *Schlagenhauf v. Holder*, 1964, 379 U.S. 104 in considering F. R. Civ. P. 35(a) compels [the appellate court] to reach a contrary result." *Id.* In *Schlagenhauf*, the Supreme Court held that the "Federal Rules of Civil Procedure should be liberally construed," but should not be expanded by disregarding plainly expressed limitations. *Schlagenhauf*, 379 U.S. at 121.

Boudy complains that because there was no motion pending before the court when it determined that Boudy's mental competency may be in question that it had no authority to issue an order under Federal Rule of Civil Procedure 35. This argument conveniently ignores the fact that Boudy herself had moved for an appointment of counsel and cited to her chronic disability and mental illness as part of the reason for the appointment. The court then cited that very motion as part of the reason it was staying the case and that a mental competency evaluation should occur so it could satisfy itself of Boudy's ability to represent herself. ROA.874-877.

This order is in line with Magistrate Judge Rath's prior ruling: that there is no constitutional or statutory right to the appointment of counsel in a civil suit, and the court need not appoint counsel unless the case presents "exceptional circumstances," which depend on "the type and complexity of the case, **and the abilities of the individual bringing it.**" *Esquivel v. Kendrick*, No. 22-50979, 2023 WL 5584168, at *1 (5th Cir. Aug. 29, 2023) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)) (emphasis added); *see also* ROA.628 ("a pro se plaintiff has no automatic right to counsel.") (citations omitted). Based on Boudy's second motion to appoint counsel, the district court was taking steps to further assess her abilities and applied L. U. Civ. R. 35 as a framework when it came to that initial determination.

Rule 35 applies if good cause exists and the in controversy requirements are met. The 'good cause' and 'in controversy' requirements "make it very apparent that sweeping examinations" of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered and that mental and physical examinations are only to be ordered "upon a discriminating application by the district judge." *Esquivel*, 2023 WL 5584168, at *1. In light of

Boudy's own filings, the court found good cause and the in controversy requirements satisfied to initially question whether she could continue representing herself at that time. The court further had the authority to issue a Rule 35 order based on the CMO and its inherent authority to manage its docket and litigants, and under Fed. R. Civ. P. 17(c), which Boudy points out now.

The Fifth Circuit has not squarely addressed the precise method for a court to *sua sponte* order an evaluation of mental competence in a civil proceeding under analogous facts, but *Esquivel* points out that a district court is never *compelled* to conduct such evaluations *sua sponte*. 2023 WL 5584168, at *2. In *Esquivel*, the appellant argued that the district court should have conducted a *sua sponte* evaluation of mental competence. *Id.* However, he cited no authority supporting his assertion that district courts are **obligated** to conduct *sua sponte* mental competence evaluations for *pro se* plaintiffs. *Id.* Therefore, the Fifth Circuit considered this argument abandoned for being inadequately briefed.[8] The discussion is illuminating still because it highlights a district court's wide

---

[8] "This court has not held that a district court is obligated to conduct *sua sponte* mental competence evaluations for *pro se* plaintiffs. The one case cited by Esquivel to support his argument is nonexistent." *Esquivel*, 2023 WL 5584168, at *2.

discretion to determine whether to investigate the competency of the parties before it.[9]

Rule 17(c)'s language allows for either the appointment of a guardian ad litem "or issue another appropriate order" to protect an incompetent person. *See* Fed. R. Civ. 17(c). Boudy submits that the district court was wrong in finding good cause existed and it found so without first affording Boudy notice and an opportunity to be heard, denying her opportunity to contest that good cause existed or, to alternatively, to consent to a remedy under Rule 17(c) that would obviate the need for an examination. App. Br. at p. 22. This is not accurate considering Rule 17 provides a court broad discretion in "issuing another appropriate order." Again, the court had not found Boudy to be incompetent but instead raised the question based on her motions to appoint counsel and other pleadings. Then, Boudy refused to confer with the District's counsel and refused to agree to the preliminary directives the court ordered to occur before she would have submitted to the exam.

---

[9] Thus, while nothing mandates a court to question a party's competency as a matter of routine, Boudy's mental (and physical) status were in controversy from the start of this litigation, as shown by her claims and the CMO allowing for an evaluation without further court order. ROA.301. On top of that, Boudy was the first to specifically claim she could not represent herself (despite her clear ability to engage in extensive motion practice throughout the proceedings).

After this refusal, she declined to respond to the court at all when it attempted to schedule a status conference and then scheduled two show cause hearings. Due process is not threatened under these circumstances, and the court did not dismiss her case based on this one defiant act concerning the Examination Order.

Even if the court could or should have ordered the mental competency exam under Rule 17(c) instead of citing to Rule 35, it did not commit reversible error in issuing the order itself, and the order was not the sole basis for the ultimate dismissal. The key facts here are that (1) Boudy never sat for an evaluation at all, and (2) the court later found that it was not Boudy's mental competency that was at issue but her active misconduct and incessant disrespect toward the court. Indeed, once the parties failed to confer as the Examination Order first required, Boudy was in a perfect position to express her concerns to the court *via* status conference. Instead, she refused to participate or respond and dodged the Court's active attempts to communicate with her **for over six weeks**. By the time the Court dismissed her case on July 30, 2024, the court had interacted with the *pro se* plaintiff enough to determine her competency

was not at issue, but that instead, she simply had no regard for the court's authority. *See* ROA.1296.

Boudy incredibly argues that "the record does not evince that she was resistant to the appointment of a guardian ad litem or another appropriate protection under Rule 17(c)." App. Br. at 25-26. This assertion is directly in conflict with Boudy's behavior from May 8, 2024 to her dismissal. The court found that Boudy was actively disregarding the court's orders and ample evidence substantiates this finding. Her hand-written response to the Examination Order reiterated that she was competent as a witness and understood the legal proceedings and her case but that she simply wanted a lawyer. ROA.1036. The court was not required to give her one under these circumstances. Nor did the court commit reversible error in attempting to determine Boudy's mental competency and then later determining firsthand that based on her actions, correspondence, and further filings that she was indeed competent but simply actively deceiving the court, wasting judicial resources, and obstinately refusing to engage in her case.

## II. The District Court did not abuse its discretion in dismissing Boudy's complaint or need to consider lesser sanctions instead after her failure to comply with four (4) court orders.

Boudy continues to argue that the dismissal was wrongly based on her failure to comply with the Examination Order under Rule 35. This is not the reason her case was dismissed. A trial court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. *Perkins v. Whitaker*, No. 1:19-CV-00081-RHWR, 2022 WL 392317, at *1 (S.D. Miss. Feb. 8, 2022) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). A plaintiff's claims may be dismissed because she has "failed to comply with a court order." *Collins v. Lane*, No. 4:22-CV-116-MPM-JMV, 2024 WL 3463838, at *2 (N.D. Miss. June 26, 2024), *report and recommendation adopted*, No. 4:22-CV-00116-MPM-JMV, 2024 WL 3461060 (N.D. Miss. July 16, 2024) (cleaned up) (citing *Irby v. Luker*, 2011 WL 587292, at *1 (S.D. Miss. Jan. 21, 2011), *report and recommendation adopted*, 2011 WL 587285 (S.D. Miss. Feb. 10, 2011);

*Link*, 370 U.S. at 629–30; *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay **or contumacious conduct by plaintiff exists**." *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)) (emphasis added). Here, there was both. Where there is a "clear record of delay or contumacious conduct by the plaintiff, ..., and when lesser sanctions would not serve the best interests of justice," dismissal with prejudice as a sanction is warranted. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1521 (5th Cir. 1985)). Where the Fifth Court has affirmed 41(b) dismissals, it has usually found one or more of the following aggravating factors: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Id*. at 403-404. "It is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the **'stubborn resistance to authority'**

which justifies a dismissal with prejudice." *Millan v. USAA General Indem. Co.,* 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988)) (emphasis added).

When a plaintiff is proceeding *pro se*, the failure or refusal to abide by court orders can only be attributed to her. *Perkins*, 2022 WL 392317, at \*1. Clearly this element is met. Plaintiff delayed the trial court proceedings and refused to comply with multiple Court orders over the span of six weeks despite her clear access and registration to ECF filing and incessant emails to the courts while simultaneously ignoring this district court's attempts to set a telephonic conference. This conduct, as the district court rightly said, "demonstrates contumacious acts." ROA.1022. The Court explicitly ordered for Plaintiff to appear before the Court and show cause twice, and first demanded to know

> "why she has failed to appear when ordered by the Court and the reasons why she has failed to respond to the Court's directives in any manner. Plaintiff is notified that failure to comply with the Court's orders can result in sanctions under Rule 41(b) Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the actions."

*Id.* Plaintiff failed to confer with Defendants by June 4, 2024, failed to appear for a telephonic conference on June 12, failed to appear for a show

cause hearing on June 18, and failed to appear for a second show cause hearing on July 10; dismissal was warranted under these circumstances. Boudy's acts and inactions prejudiced the District by forcing the defendants and its counsel to spend time and effort to comply with the court's same orders that were entered for Boudy's benefit. ROA.1297. For this reason, the prejudice prong is also satisfied.

The text of the dismissal order highlights her failure to attend show cause hearings and failure to respond; not a failure to sit for the Examination Order. Indeed, the court specifically found that Boudy attempted to create a fake paper trail with the court and that Boudy was untruthful in pleadings. The court highlighted the audacity of the *pro se* plaintiff:

> The undersigned has been on the bench for well over thirty years and has handled thousands of cases, both in State and Federal Courts and **has never seen a clearer case of a party ignoring the Court's orders, showing contempt for the Court and causing waste of judicial resources and other parties' time and money.**

ROA.1297 (emphasis added).

Lesser sanctions would have been futile in light of this obstinance, and Judge Starrett did not have to warn her twice that her case could be

dismissed as a direct result to her open and stubborn resistance to authority. In *Atlantic Sounding Company, Inc. v. Fendlason*, for example, the Fifth Circuit found the district court did not abuse its discretion and affirmed dismissal with prejudice after a party failed to appear at a show cause hearing without first levying a lesser sanction than dismissal. *Atl. Sounding Co., Inc. v. Fendlason*, 555 F. App'x 378, 380 (5th Cir. 2014). The district court dismissed the action because of Fendlason's "**repeated failure" to attend depositions and comply with court orders (plural).** *Id.* (emphasis added). Fendlason had at least two warnings that dismissal was possible: on January 9, 2013, when a Motion to Dismiss was filed and on January 28, 2013, when the district court issued its Show Cause Order, which "made clear that dismissal was imminent" should Fendlason fail to appear before the court. *Id.* While Fendlason argued on appeal that a lesser sanction, such as requiring attendance at a deposition with the threat of dismissal, should have been considered by the district court instead of dismissal, the Fifth Circuit noted that its cases "have recognized that **advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions.**" *Id.* at 380 (emphasis added). "Thus, **"the Show Cause**

23

**Order offered an identical threat—attend or have your case dismissed**—and Fendlason failed to appear." *Id.* at 381 (emphasis added). The court "was not required to repeat the same warning" and did not abuse its discretion when, "after adequate warning, it dismissed the action with prejudice." *Id.*

Boudy's conduct is identical here and an identical outcome as the *Fendlason* case is warranted. The record clearly shows contumacious conduct and the court so found in two different orders and backed up the finding by outlining Boudy's defiance step-by-step.[10] The dismissal should be affirmed.

## CONCLUSION

The district court judge observed that Boudy's misconduct was some of the worst it had experienced in his thirty-year stint on the bench, and the court's multiple orders outlined all the reasons why the sanction of dismissal was appropriate. Such a finding cannot be overstated. This Court should affirm the district court because it did not abuse its

---

[10] Boudy also all-out refused to move the Court for a continuance regarding the Second Show Cause hearing, stating she would not do so in an email to the Court after failing to comply with prior directives. This is also a clear example of "stubborn resistance to authority," making dismissal appropriate and well within the district court's discretion. *See Atl. Sounding Co.*, 555 F. App'x at 380.

discretion in dismissing Appellant's complaint with prejudice under Rule 41(b) after she refused to comply with multiple Court orders and lesser sanctions would not suffice due to her failing to attend two Show Cause hearings and refusing to file a motion for a continuance despite the court's directives.

Respectfully submitted,

*/s/ Mary Clark Joyner*
KaShonda L. Day, MSB No. 103144
Mary Clark Joyner, MSB No. 105954
ADAMS & REESE LLP
1018 Highland Colony Pkwy., Ste. 800
Ridgeland, MS 39157
Telephone: (601) 353-3234
kashonda.day@arlaw.com
maryclark.joyner@arlaw.com
*Counsel for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, an electronic copy of the foregoing brief was filed with the Clerk of Court of the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Mary Clark Joyner*
Mary Clark Joyner, MSB No. 105954

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B) because it contains 5,787 words, as determined by the word-count function of the current version of Microsoft Word, including the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using the current version of Microsoft Word in a 14-point Century Schoolbook font.

*/s/ Mary Clark Joyner*
Mary Clark Joyner, MSB No. 105954
**Counsel of Record for Appellees**