# No. 24-60386

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DAPHNIE NEWMAN BOUDY,

Plaintiff - Appellant

v.

MCCOMB SCHOOL DISTRICT; MCCOMB SCHOOL DISTRICT BOARD OF
TRUSTEES; JAMES HARVEY, FORMER INTERIM PRINCIPAL NOW
ASSISTANT PRINCIPAL AND IN HIS OFFICIAL CAPACITY,

Defendants - Appellees

On Appeal from
United States District Court for the Southern District of Mississippi

Case No. 5:23-CV-0030

## APPELLANT'S REPLY BRIEF

SUBMITTED BY:

Coleman Torrans (La. Bar # 38917)
Katherine E. Clark (La. Bar # 40180)
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
601 Poydras Street, Suite 2775
Pan American Life Center
New Orleans, LA 70130
ctorrans@lawla.com; kclark@lawla.com

*Appointed Pro Bono Counsel for Appellant,*
*Ms. Daphnie Newman Boudy*

# TABLE OF CONTENTS

**Contents**                                                                        **Page(s)**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ..................................................................... ii

PRELIMINARY STATEMENT ...............................................................2

ARGUMENT ..........................................................................................3

   I.     The district court abused its discretion by addressing its concerns as to Appellant's competency by ordering an examination pursuant to Rule 35 without a pending motion and no prior notice to the Appellant. ........................................5

   II.    The district court abused its discretion when it failed to consider lesser sanctions before dismissing Appellant's case with prejudice. .............................10

CONCLUSION .....................................................................................13

CERTIFICATE OF SERVICE ................................................................14

CERTIFICATE OF COMPLIANCE .......................................................15

# TABLE OF AUTHORITIES

## Cases

*Adelman on Behalf of Adelman v. Graves,* 747 F.2d 986 (5th Cir. 1984) ............ 6

*Atl. Sounding Co. v. Fendlason*, 555 F. App'x 378 (5th Cir. 2014)................. 13

*Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) ........................... 11

*Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513 (5th Cir. 1985).... 10, 11

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014) ................................ 11, 12

*Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004).............................. 2, 6

*Gray v. Fid. Acceptance Corp.*, 634 F.2d 226 (5th Cir. 1981)....................... 12

*Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006)..........................3,6

*McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir. 1981) ........... 11

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008) .................... 12

*Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1986) .......................................... 11

## Rules

Fed. R. Civ. Proc. Rule 17 ................................................................. 2, 4

Fed. R. Civ. Proc. Rule 35 .............................................................. passim

Fed. R. Civ. Proc. Rule 37 .................................................................. 12

Fed. R. Civ. Proc. Rule 41 .................................................................... 5

L.U. Civ. P. 35 ............................................................................... 2, 3

## PRELIMINARY STATEMENT

Contrary to what the district court's orders below suggest, competence is not a burden that must be satisfied by a plaintiff to obtain access to the courts. Federal Rule of Civil Procedure 17(c) and this Court's precedents make plain that courts have an affirmative duty to take steps to ensure litigants' own incompetencies do not unduly impair their access to justice. *See generally Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) ("Judges may not 'ignore or overlook such a fundamental requirement for the protection of infants or incompetent persons.'") (citation omitted). The district court overlooked Rule 17(c), which caused it to apply the wrong procedural device, L.U. Civ. P. 35, and to burden the *pro se*, indigent, and mentally ill Appellant with proving her competency at her personal cost on an expedited timeframe before proceeding with her claims. This was clear error and an abuse of discretion. The district court further abused its discretion in its order requiring Appellant's examination by alluding to Federal Rule of Civil Procedure 35 but acting in contravention of its procedural protections for examinees. Finally, the district court abused its discretion by punishing Appellant for not complying with its examination order by issuing the most severe sanctions available, including dismissal with prejudice, against Appellant, without any explicit consideration of available lesser sanctions.

2

**ARGUMENT**

The district court refused to allow Appellant to proceed with her case until such time as the court "conclude[d] that Plaintiff [was] incompetent to proceed or [was] competent to proceed." ROA.877. The district court said it needed to halt the Appellant's proceeding because the Appellant's representations in her court filings alleged that she suffered mental illnesses, ROA.875-876, and these claims had raised concerns as to the "validity of the outcome, if Plaintiff is determined or claims to be incompetent." ROA.874. The district court stayed the case in the *sua sponte*-issued Examination Order[1] on May 30, 2024, wherein the district court ordered, *inter alia*, that the Appellant submit to a mental health examination at her own cost within thirty-five days. ROA.874-877.

The Examination Order was an abuse of discretion. Therein, the district court cited the wrong rule, L. U. Civ. 35 (supplementing Rule 35), and implemented the wrong procedure for addressing what it identified as a potential competency issue. Rule 17(c) deals explicitly with the specific issue of legal competence, which is a status generally determined according to state law wholly different than the mental health conditions the Appellant arguably put into controversy by through her pleadings. *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (a person is

---

[1] Words capitalized and not defined herein are to be given the meaning ascribed in the Appellee's Opening Brief, Dkt. No. 54.

incompetent if they lack capacity to litigate under the law of their domicile). Moreover, even accepting *arguendo* Rule 35 offers an alternative procedure to Rule 17(c) for addressing the ostensible incompetency of a litigant, the district court did not comply with Rule 35's explicit procedural and due process requirements when it entered the Examination Order without a pending motion, nor prior notice to the person to be examined.

Sixty-one days after staying the case due to the Appellant's alleged incompetency, the district court signed the Sanctions Order, dismissing the Appellant's case, ultimately as a consequence of the "failure of Ms. Boudy to follow the order of the Court directing the competency examination and other responses or non-responses to the Court's orders."  ROA.874-877.  Nowhere in their brief do Appellees argue that a district court may sanction an incompetent *pro se* plaintiff with dismissal with prejudice and payment of the opposing party's legal fees—the specific sanctions ordered below. Instead, Appellees hinge their argument for affirmance on their unsupported assertion that the district court found Appellant to be competent.  Appellant's Br. at 18 ("Nor did the court commit reversible error . . . determining firsthand that based on her actions, correspondence, and further filings that she was indeed competent[.]").  But Appellees provide no citation for such a finding below.  The Sanctions Order contains no statement from the district court declaring Appellant to be competent. Nor does the Final Judgment appealed from.

4

ROA.1300. Moreover, to the extent the district court found the Appellant to be competent without explicitly saying so in the Sanctions Order, this *implicit* finding of competency is unsupported by an evidentiary record. Consequently, as the district court itself presaged, the "validity of the outcome"—which was ultimately dismissal with prejudice pursuant to the Sanctions Order—is in substantial question on appeal.

Finally, the district court also abused its discretion in the Sanctions Order when it dismissed Appellant's case under Federal Rule Civil Procedure 41 and ordered payment of attorney's fees without considering lesser sanctions.

### I.     The district court abused its discretion by addressing its concerns as to Appellant's competency by ordering her examination  at her own cost pursuant to Rule 35 without a pending motion and no prior notice to the Appellant.

The Examination Order was an abuse of discretion. Competency of litigants is addressed by Rule 17(c). Rule 17(c) places an affirmative duty on district courts to protect an incompetent person's rights in federal court proceedings. This protection is  "extremely vital." *Gaddis,* 381 F.3d at 453. Rule 17(c) makes it incumbent on courts to ensure incompetent persons are "adequately protected" and promotes the principle that "access to the courts by aggrieved persons should not be unduly limited." *Adelman on Behalf of Adelman v. Graves,* 747 F.2d 986, 989 (5th Cir. 1984).

5

The district court gave no explicit consideration to Rule 17(c) or the importance of providing court access to incompetent persons. Instead, citing an analogue to Rule 35, the district court ordered Appellant—a *pro se*, indigent, litigant with disclosed mental illnesses—to select with opposing counsel to a mental health professional to perform an evaluation of her in less than a week, at her own expense. The Examination Order cannot be read as being consistent with Rule 17(c)'s purpose of promoting court access for competent persons—clearly it did the opposite by imposing an additional and unnecessary barrier to the prosecution of Appellant's claims.

Appellees say that, Rule 17(c)'s purview over matters of legal competency notwithstanding, it was appropriate for the district court to order an examination under Rule 35 because Appellant put her mental health into controversy by referencing her mental illnesses in court filings. Appellees' Br. at 16. Appellees conflate mental health with legal competency, which are distinct issues. *See Magallon*, 453 F.3d at 272. If Appellees' position were to be adopted, every litigant who alleges a mental illness in pleadings would be subject to a test for general competency and legal capacity. That is not the law of this circuit.

Moreover, Examination Order did not even comport with Rule 35—a fact Appellees do not deny. Instead, Appellees argue that nonconformance with Rule 35's procedural protections is irrelevant because Appellant's "complaint was not

6

dismissed for failing to comply with this order." Appellees' Br. at 10-11. That is incorrect. In the Sanctions Order, the district court itself traced the underlying show cause order to the "failure of Ms. Boudy to follow the order of the Court directing the competency examination and other responses or non-responses to the Court's orders." ROA.1295-56. Every alleged incident of non-compliance with a court order is rooted in the Examination Order.

An order requiring a mental health examination "may be made ***only*** on motion for good cause and on notice to all parties and the person to be examined[.]"  Fed. Rule Civ. P. 35(a)(2)(A) (emphasis added).  Rule 35 permits a district court, upon a showing of good cause by the movant, to "order a party whose mental ... condition ... is in controversy to submit to a ... mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a).

While Appellees state general precepts about Rule 35, they ignore that the plain language of the Rule requires a motion and prior notice, neither of which the Appellant was afforded below.  Appellees contend that the Examination Order was not wrongly entered because Appellant moved for the appointment of pro bono counsel and stated that she suffered from chronic disability and mental illness in that motion. But a litigant requesting appointment of pro bono counsel and providing information in support thereof cannot serve as waiver of Rule 35's requirements.

Instead, the rule requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* Good cause is not met by conclusory allegations in the pleadings. *See Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017); *Goodman v. Harris Cnty.*, 443 F.3d 464, 469 (5th Cir. 2006).

The limitations contained within Rule 35 exist because mental health examinations of a litigant are not meant to be ordered routinely. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 244 (1964). And "[t]he plain language of Rule 35 precludes such an untoward result." *Schlagenhauf v. Holder*, 379 U.S. 104, 122, 85 S. Ct. 234, 244 (1964). District judges are supposed to "serve as 'discriminating' gatekeepers" as to whether a movant has met their burden of showing that an opposing litigant's mental health is "in controversy" and there is "good cause" to order a mental health examination. *Id.*

Appellees state that Ms. Boudy's "due process is not threatened under these circumstances." Appellee Br. at 17. But Appellant received no prior notice before the entry of the Examination Order, and therefore, she could not contest the entry of that order, as Rule 35 contemplates. Rule 35 also requires that the Order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. Rule Civ. P. 35(a)(2)(B). The

8

Examination Order did not comply with this requirement either. Instead, the district court ordered Appellant to, within five days, consult with Appellees to mutually select a licensed forensic psychologist or psychiatrist to examine Appellant within 35 days of entry of Examination Order. ROA.876-877.

In summary, the district court abused its discretion in issuing the Examination Order. Rule 17(c)—which the district court never cited in the Examination Order— was enacted to promote court access for incompetent litigants. Instead, the district court implemented Rule 35 in such a way as to impede Appellant's prosecution of her case, by ordering Appellant to comply with deadlines she could not meet and to incur expenses she likely could not afford. Appellant did not subject herself to examination pursuant to Rule 35. Appellant, at most, put aspects of her mental health into controversy at such time damages might have been calculated. But the Examination Order issued prior to Appellees even answering, and Appellant never willingly put her general competency or legal capacity at issue. Even assuming *arguendo* she did put her competency into controversy, and Rule 35 offered an appropriate mechanism for addressing the district court's concerns as competency, Rule 35's procedural protections were impermissibly ignored.

The Examination Order should be vacated.

## II.    The district court abused its discretion when it failed to consider lesser sanctions before dismissing Appellant's case with prejudice.

The district court also abused its discretion when it punished the Appellant for failure to comply with its Examination Order by issuing the most severe sanctions available, including dismissal with prejudice, against Appellant, without any explicit consideration of available lesser sanctions.

Dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)); *see also Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. *McGlathery,* 792 F.2d at 474; *Callip,* 757 F.2d at 1519. Review must be "more exacting" where, as here, the dismissal is with prejudice. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). This Court stated in *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), that it will affirm such dismissals "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Id.* "Because this test is conjunctive, both elements must be present." *Coleman*, 745 F.3d at 766.

Appellees contend that lesser sanctions were unnecessary because of Ms. Boudy's purported "contumacious conduct" and "stubborn resistance to authority."

But this is not what the record below shows. The record does not establish that Appellant's delays resulted from contumacious conduct.

This Court has recognized that "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227–28 (5th Cir. 1981) (finding delay caused by plaintiff's negligent, but not contumacious conduct, insufficient to warrant dismissal with prejudice). What the record below shows is that the Appellant has a lack of means, mobility limitations, physical health impairments and possible mental health issues, which all contributed to the Appellant's noncompliance with the Examination Order and the Cause Orders, as did the district court's expedient pace in issuing these orders. This does not rise to the level of "contumacious conduct," as required by this court's jurisprudence.

Furthermore, this timeframe between the wrongful entry of the Examination Order and the court signing the Sanctions Order dismissing the case prejudice was a mere sixty-one days. Indeed, the Court does not need to look much further than Appellee's table of contents, which includes the dates of the Orders, to find reason to reverse the district court's dismissal with prejudice and remand for further

proceedings. The *Berry* standard requires a "clear record of delay," which sixty-one days is insufficient to meet. Despite this, Appellees cite the unpublished decision of *Atl. Sounding Co. v. Fendlason*, 555 F. App'x 378, 381 (5th Cir. 2014) in support of the district court's issuance of the Sanctions Order being issued in a short-timeframe.

*Fendlason* is distinguishable in addition to being nonbinding. First, *Fendlason* did not involve a plaintiff who suffered from mental and physical health impairments. Second, the sanctioned plaintiff did not appear several times for a deposition. The court dismissed the plaintiff's case with prejudice for failing to comply with this discovery obligation, which fits within the allowed sanctions under Rule 37. However, here, the basis for sanctions ultimately stemmed from the Appellant's noncompliance with the Examination Order, which the district court indicated it was entering pursuant to Rule 35. ROA.1295-1296. And Rule 37 specifically excludes a failure to comply with such an order for examination as a violation punishable by the court's contempt.

Under Rule 41 and this Court's jurisprudence, a district court was obligated to consider lesser sanctions prior to dismissing a litigant's case with prejudice. It did not. Lesser sanctions were available and Appropriate. The Sanctions Order should be vacated.

## CONCLUSION

Federal courts have an affirmative duty to ensure that all litigants, no matter their own incompetency, have due access to the courts. That did not happen here. Appellant was ordered, without prior notice, to submit to a mental health examination within a short-time frame. When she failed to comply with the court's order, the district court dismissed her case with prejudice, without considering other lesser sanctions or making a finding that she was competent to proceed with her case. This was an abuse of discretion and the district court's Examination Order, the Sanctions Order, and the Final Judgment of dismissal with prejudice should be vacated, and the case remanded for further proceedings.

SUBMITTED BY:
*/s/ Coleman Torrans*
Coleman Torrans (La. Bar # 38917)
Katherine E. Clark (La. Bar # 40180)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
Pan American Life Center
New Orleans, LA 70130
ctorrans@lawla.com; kclark@lawla.com

*Appointed Pro Bono Panel Counsel for*
*Appellant, Ms. Daphnie Newman Boudy*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Coleman Torrans*
Coleman L. Torrans

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that: (1) the foregoing petition complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(b)(i) because, excluding the parts of the brief and the accompanying documents exempted by Federal Rules of Appellate Procedure 32(f), this document contains 2652 words; and (2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Coleman L. Torrans*

Coleman L. Torrans